## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAUL HILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-3329 |
| | ) | |
| BAXTER HEALTHCARE CORP., | ) | Judge Joan Lefkow |
| BAXTER INTERNATIONAL INC. and | ) | |
| WYETH SUBSIDIARY ILLINOIS | ) | |
| CORPORATION F/K/A SCIENTIFIC | ) | |
| PROTEIN LABORATORIES, | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION FOR STAY OF PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendants Baxter Healthcare Corporation and Baxter International Inc. ("Defendants") respectfully move this Court to stay further proceedings in the above-captioned action pending a final determination by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") regarding whether this action should be consolidated with a recently-created multidistrict litigation action in the Northern District of Ohio, *In re Heparin Products Liability Litigation*, MDL No. 1953. In support of this Motion, Defendants state as follows:

### BACKGROUND

**A.   The MDL Panel Created An MDL Proceeding For Heparin-Related Cases And Transferred It To The Northern District Of Ohio.**

1.      The allegations of this suit are virtually identical to those alleged in at least twenty five filed actions throughout the country brought by individuals who have taken heparin, a pharmaceutical product used for its anticoagulant properties. In these suits, as well as in the

present suit, plaintiffs contend that Defendants supplied defective heparin causing injury to patients.

2.     On June 6, 2008, the MDL Panel issued a Transfer Order consolidating heparin-related cases in an MDL proceeding and transferring the proceeding to Chief Judge James Carr in the Northern District of Ohio.[1]

3.     The MDL Panel is already aware of this case as a potential tag-along action and is expected to issue a Conditional Transfer Order shortly.

4.     The courts that have addressed the merits of similar motions to stay pending transfer by the MDL Panel have all stayed or continued proceedings before their courts.  And sixteen other cases across the country have been stayed by agreed order.

**B.     *Hills v. Baxter Healthcare Corp.* Would Be Consolidated If An MDL Court Is Established.**

5.     Defendants petitioned to remove this action to this Court on June 9, 2008. Defendants assert federal question and diversity arguments.  (*See generally* Notice of Removal, Docket No. 1).

6.     Pursuant to Panel Rule 7.2(i), Defendants gave notice to the MDL Panel of this case as a potential tag-along action.  (*See generally* Rule 1.1, *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*).  This case will be appropriate for transfer to the MDL court since it involves "one or more common questions of fact" with the cases originally submitted to the MDL Panel and transferred to the MDL court.[2]  28 U.S.C. § 1407.  The pending heparin-

---

[1] *See* 6/6/2008 Transfer Order by the Judicial Panel on Multidistrict Litigation, attached as Exhibit A.

[2] Nothing in this motion is intended to suggest that class certification, which involves a different standard and consideration of factors not at issue here, is appropriate for any of these claims.  Thus, although Defendants agree consolidation for pretrial proceedings as part of an MDL is appropriate, Defendants reserve their right to oppose class certification.

related actions contain similar allegations and name many of the same defendants.  These actions necessarily will involve much of the same discovery.  Accordingly, this action likely will be consolidated with the numerous other heparin-related cases for coordinated pretrial proceedings.

## ARGUMENT

7.    All proceedings in this action should be stayed pending the MDL Panel's final determination concerning the conditional transfer of this case to the MDL court.  A stay will prevent needless waste of time and resources of the parties and of the Court.  Moreover, it will protect Defendants from being required to litigate identical issues on multiple fronts, with the danger of inconsistent rulings.  In the meantime, Plaintiff will not have suffered any prejudice as a result of a temporary stay.  The MDL Panel will issue Conditional Transfer Orders shortly and if Plaintiff does not oppose transfer, the case will be before the MDL court in a matter of weeks.

8.    The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with the economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); s*ee also Clinton v. Jones,* 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")  In addition to this Court's inherent authority to stay these proceedings, Congress has granted statutory authority to issue a stay because 28 U.S.C. § 1407 authorizes the MDL Panel to order a cause transferred even with a pending jurisdictional objection.  *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).  Under these circumstances, "stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources."  *Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999).

9.    Numerous federal courts have recognized that efficiency and uniformity demand the stay of an action pending transfer to an MDL proceeding.  *See, e.g., Johnson v. AMR Corp.*,

1996 WL 164415, at *4 (N.D. Ill. Apr. 3, 1996) (staying proceedings pending transfer to MDL); *Thomas v. Ameriquest Mortg. Co.*, 2007 WL 3287842, at *1 (S.D. Ala. Nov. 5, 2007) ("the interests of promoting judicial efficiency, avoiding inconsistent results between sister courts, and avoiding prejudice to the parties weigh in favor of allowing the MDL Court to resolve the [similar] motions"); *Jones v. Lewis*, 2006 WL 1006881, at *1 (W.D. Tenn. Apr. 17, 2006) (staying case pending MDL transfer); *Ellis v. Merck & Co.*, 2006 WL 448694, at *1 (W.D. Tenn. Feb. 19, 2006) (staying case removed on basis of diversity pending MDL transfer as "having the pretrial issues decided in the MDL proceeding will best promote judicial economy and conserve judicial resources"); *Gaffney v. Merck & Co.,* 2005 WL 1700772, at *1-2 (W.D. Tenn. July 19, 2005) (same); *Rosenfeld v. Hartford Fire Ins. Co.*, 1988 WL 49065, *2 (S.D.N.Y. May 12, 1988) (staying proceedings pending transfer, stating "that judicial resources and the defendants' resources may well be fruitlessly spent if a stay is not granted pending the outcome of the Panel's decision on the transfer motion"); *Kennedy v. Novartis Pharms. Corp.*, 2002 WL 31051601, at *1 (E.D. La. Sept. 12, 2002) (finding that the "interests of judicial economy will best be served by a temporary stay" of action removed from state court pending a ruling by MDL); *Aikins v. Microsoft Corp.*, 2000 WL 310391, at *1-2 (E.D. La. Mar. 24, 2000) (granting stay pending ruling by MDL panel); *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("This Court has determined that a stay pending the disposition of the JPML motion is appropriate under the circumstances."); *Egon v. Del-Val Fin. Corp.*, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991) (granting stay because it fosters the purpose of the MDL statute to coordinate related litigation); *Portnoy v. Zenith Labs, Inc.,* 1987 WL 10236, at *1 (D.D.C. Apr. 21, 1987) (same).

10.    Moreover, Judge Murphy of the Northern District of Georgia as well as Judge Andersen and Judge Gettleman of the Northern District of Illinois (the courts that have addressed the merits of motions to stay in heparin-related cases) did in fact stay or continue all proceedings before their courts. Judge Murphy stayed all proceedings despite a pending motion to remand, noting that the MDL court may be in a better position to decide that motion.[3] Judge Gettleman has now ordered stays in two separate cases except for briefing on a motion to remand; Judge Gettleman set a hearing on that motion well past the May meeting of the MDL Panel, effectively staying all proceedings.[4] Similarly, Judge Andersen also stayed all proceedings save for briefing on a motion to remand with a hearing date in mid-July.[5] Finally, sixteen additional cases across the country have been stayed by agreed order.

11.    A stay of proceedings pending transfer to the MDL court would not prejudice Plaintiff. The proposed stay would be short, lasting only until the MDL Panel resolves the transfer of this action. As Judge Murphy stated, Plaintiff "will suffer little, if any, prejudice from such a short stay." Murphy Order at 7. The Panel has been informed of the case, and is expected to soon issue a Conditional Transfer Order. If Plaintiff does not oppose transfer, the case will be before the MDL court within a matter of weeks.

12.    Defendants, however, "will suffer prejudice and hardship if the Court does not grant a stay in this action," because "Baxter will be required to develop and to present similar defenses in several district courts, and will have to engage in duplicate briefing of motions and

---

[3] *See* 5/7/2008 Order by Judge Murphy ("Murphy Order"), attached as Exhibit B.

[4] *See* 4/22/2008 Notification of Docket Entry by Judge Gettleman, attached as Exhibit C.  At the time of filing, no order or docket entry was available for Judge Gettleman's 6/5/2008 ruling on the motion to stay in *Banks v. Baxter Healthcare Corporation*, Civil Action No. 1:08-cv-02324.  Should the Court require a copy of the docket entry or order, counsel will be happy to oblige once it becomes available.

[5] *See* 5/29/2008 Notification of Docket Entry by Judge Andersen, attached as Exhibit D.

potentially duplicative discovery." Murphy Order at 7. Simultaneous proceedings may also subject Defendants to inconsistent rulings on pretrial matters. For example, while the majority of heparin-related suits have been filed in federal court, other suits, like this one, have been filed in state court. Given the strong federal interests at issue, Defendants intend to petition for removal in each state case, as it did in the instant case. If the MDL Panel transfers the case to an MDL court, that court will be able to evaluate the common jurisdictional questions at once. A stay of proceedings would, therefore, "promote judicial economy and efficiency." *Id.* at 8.

13.    Given the MDL proceeding, the fact that this case is subject to transfer, the potential prejudice to Defendants, the efficiency and consistency that follow from having a single judge determine pretrial matters in the context of the MDL proceeding, and the underlying purposes of 28 U.S.C. § 1407, this Court should stay further proceedings pending a final decision by the MDL Panel regarding transfer of this case.

WHEREFORE, Baxter Healthcare Corporation and Baxter International Inc. respectfully move for an order staying all further proceedings in this action until the MDL Panel determines whether it should be transferred and consolidated with other substantially identical actions in MDL No. 1953, *In re Heparin Products Liability Litigation*.

This the 12th day of June, 2008.

Respectfully submitted,

_____/s/ Leslie M. Smith, P.C._____
Leslie M. Smith, P.C., Attorney No. 6196244
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
telephone:  (312) 861-2000
facsimile:   (312) 861-2200

# EXHIBIT A

**Jun 06, 2008**

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: HEPARIN PRODUCTS
LIABILITY LITIGATION**                                MDL No. 1953

## TRANSFER ORDER

**Before the entire Panel**: Plaintiff in the Southern District of Florida action moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation. No responding party opposes centralization, but there is disagreement over the selection of a transferee forum. Movant and responding plaintiffs suggest centralization in the districts in which their actions are pending – the Southern District of Florida, the Northern District of Ohio or the District of Puerto Rico; at the Panel hearing session, movant also proffered the Northern District of California. Defendants[1] prefer selection of either the Northern District of Illinois or the District of New Jersey; also, defendants stated during oral argument before us that they do not object to centralization in the Northern District of Ohio. Plaintiffs in various potential tag-along actions either support one of these districts or suggest the Western District of Pennsylvania or the Western District of Wisconsin. The latter is the alternative choice of plaintiff in the District of Puerto Rico action included in the motion. Plaintiffs in one potential tag-along action pending in the District of New Jersey do not advocate centralization in a specific district, but urge the Panel to select a transferee district which can undertake active management of these proceedings on a priority basis.

This litigation presently consists of three actions listed on Schedule A and pending in three districts as follows: one action each in the Southern District of Florida, the Northern District of Ohio, and the District of Puerto Rico.[2]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation

---

[1]  Baxter Healthcare Corp., Baxter International, Inc., and Baxter Healthcare Corp. of Puerto Rico (collectively Baxter); and Scientific Protein Laboratories, LLC.

[2]  The Panel has been notified that twenty other related actions have recently been filed, six actions in the Northern District of Ohio, four actions in the Northern District of Illinois, two actions each in the District of New Jersey and the District of Puerto Rico, and one action each in the Middle District of Florida, the Northern District of Georgia, the Eastern District of Louisiana, the Eastern District of Tennessee, the Eastern District of Texas and the Western District of Pennsylvania. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  All actions share factual questions relating to the manufacture and sale by Baxter of allegedly adulterated Heparin causing economic or personal injuries; this Heparin was recalled in February 2008.  Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Ohio is an appropriate transferee district for this litigation.  Seven of the 23 known actions are pending in this district mostly before Judge James G. Carr who has the time to devote to this docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable James G. Carr for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

**IN RE: HEPARIN PRODUCTS LIABILITY
LITIGATION**                                        MDL No. 1953

## SCHEDULE A

<u>Southern District of Florida</u>

David D'Amico v. Baxter Healthcare Corp., et al., C.A. No. 9:08-80311

<u>Northern District of Ohio</u>

Leroy Hubley, etc. v. Baxter Healthcare Corp., et al., C.A. No. 3:08-377

<u>District of Puerto Rico</u>

Esther S. Rivera v. Baxter International, Inc., et al., C.A. No. 3:08-1368

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

Nancy Ann Fowler,
et al.,


      Plaintiffs,

v.                                    CIVIL ACTION FILE
                                      NO. 4:08-CV-0055-HLM
Hamilton Medical Center, Inc.,
et al.,

      Defendants.

<u>ORDER</u>

This case is before the Court on Defendant Baxter

Healthcare Corporation's Motion to Stay Proceedings

Pending Transfer to the Judicial Panel on Multidistrict

Litigation ("Motion to Stay") [11].

## I.    Background

Defendant Baxter Healthcare Corporation ("Defendant

Baxter") has moved to stay all of the proceedings in this

AO 72A
(Rev.8/82)

case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on various motions to transfer filed in this case and in related cases. Defendant Baxter argues that pretrial discovery in the cases will overlap, that consolidation in one transferee court is appropriate, and that staying the proceedings in this case will further the interests of judicial economy and efficiency by eliminating unnecessary duplication of litigation. Defendant Baxter further contends that if the Court refuses to stay the proceedings in this case, Defendant Baxter will be placed in the position of having to develop and present similar defenses in separate federal district courts.

The other Defendants in this litigation apparently oppose the Motion to Stay, and instead argue that an Order remanding this case to the Superior Court of Whitfield

2

County, Georgia, is appropriate.   As of the date of this Order, Plaintiffs have not responded to Defendant Baxter's Motion, and the time for doing so has expired.[1]

## II.   Discussion

28 U.S.C.A. § 1407 permits the transfer of cases pending in different districts that involve common questions of fact to the same district for coordinated or consolidated

---

[1]The Court directs counsel to comply with the provisions of the Local Rules governing reply briefs, amended briefs, and surreply briefs.  Specifically, counsel ordinarily must obtain permission from the Court <u>prior</u> to filing an amended brief or a surreply brief.  The Court will direct the Clerk to strike all future briefs filed by the parties that do not comply with this rule, and will require the parties to re-file those briefs <u>after</u> obtaining permission from the Court to file the briefs.

The Court also refers counsel to the response time requirements set forth in the Local Rules.  Ordinarily, parties must respond to Motions, other than summary judgment motions, within ten business days, plus three days for mailing.  By the Court's calculation, the Georgia Defendants' response to Defendant Baxter's Motion to Stay, and Plaintiffs' response to that Motion, were due on May 6, 2008, not May 1, 2008, as Defendant Baxter asserts.

3

pretrial proceedings.  28 U.S.C.A. § 1407(a).[2]  "A pending motion before the JPML does not affect the jurisdiction of the transferor court."  <u>Falgoust v. Microsoft Corp.</u>, No. CIV.A. 00-0779, 2000 WL 462919, at *1 (E.D. La. Apr. 19, 2000).[3]

---

[2]28 U.S.C.A. § 1407(a) provides:

When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

28 U.S.C.A. § 1407(a).

[3]Indeed, Rule 1.5 of the Rules of Procedure of the JPML

4

A court, however, has "inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Id. (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Consequently, the Court has discretion to grant a stay of proceedings in this case pending the JPML's decision on the pending motions to transfer. McCrary v.

---

states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

J.P.M.L. R. 1.5.

5

Bayer Corp., No. CIV.A. 02-642, 2002 WL 1467691, at *1 (E.D. La. July 3, 2002).   Indeed, courts frequently grant stays pending transfer decisions by the JPML to avoid duplicative efforts and to promote judicial economy.   Smith v. Mail Boxes, Etc. USA, Inc., 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (collecting cases); Tench v. Jackson Nat'l Life Ins. Co., No. 99 C 5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999).   "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

O 72A
(Rev.8/82)

For the following reasons, the Court finds that staying this action pending the JPML's decision on the motions to transfer is appropriate. First, the JPML has scheduled a hearing on the motions to transfer for May 29, 2008, and, based on the Court's own experience with the JPML, the JPML likely will rule on the pending motions to transfer within the next two to three months. Plaintiffs and the remaining Defendants will suffer little, if any, prejudice from such a short stay.

Second, Defendant Baxter will suffer prejudice and hardship if the Court does not grant a stay in this action. If the Court does not grant a stay, Defendant Baxter will be required to develop and to present similar defenses in several district courts, and will have to engage in duplicate briefing of motions and potentially duplicative discovery.

7

Third, staying the proceedings in this case will promote judicial economy and efficiency. If the JPML ultimately transfers this case to another district court, the Court will have needlessly expended its energies and resources to familiarize itself with this case. <u>Rivers</u>, 980 F. Supp. at 1360. Further, any efforts that this Court might make with respect to case management and discovery "will most likely have to be replicated by the judge [who] is assigned to handle the consolidated litigation if the [JPML] does not consolidate the [Heparin] cases in this Court." <u>Id.</u> at 1361. Additionally, the transferee court may well be in a better position to address the other motions that remain pending in this case, such as the Joint Motion to Remand. Under those circumstances, granting a stay will conserve judicial resources.

8

For the above reasons, the Court finds that staying the proceedings in this case pending the JPML's decisions on the pending motions to transfer, is appropriate.  The Court therefore grants Defendant Baxter's Motion to Stay.

## III.   Conclusion

ACCORDINGLY, the Court **GRANTS** Defendant Baxter Healthcare Corporation's Motion to Stay Proceedings Pending Transfer to the Judicial Panel on Multidistrict Litigation [11], and **STAYS** the proceedings in this case pending the JPML's decision on the pending motions to transfer.  The Court **DEFERS** ruling on all of the other pending Motions in this case pending a decision by the JPML concerning the Motion to Transfer, including: (1) the Motion to Dismiss filed by Defendants Hamilton Health Care System, Inc. and Hamilton Medical Center, Inc. [3]; (2) the

O 72A
Rev.8/82)

Motion to Dismiss filed by Defendants Maxwell and N.W.

Georgia Hematology and Oncology, P.C. [5]; (3) Plaintiffs'

Motion Requesting the Court to Toll Time for the Filing by

Plaintiffs of a Medical Malpractice Affidavit [8]; (4) the Joint

Motion to Remand to State Court [12]; and (5) Plaintiffs'

Motion to Dismiss John C. Church and Dalton Imaging

Center [14].

IT IS SO ORDERED, this the 7 day of May, 2008.

_____

UNITED STATES DISTRICT JUDGE

10

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.1.3
### Eastern Division

Mark Andrew Scott

                         Plaintiff,

v.                                        Case No.: 1:08−cv−02058
                                             Honorable Robert W. Gettleman

Baxter International, Inc., et al.

                         Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, April 22, 2008:

       MINUTE entry before Judge Honorable Robert W. Gettleman: Motion hearing held on 4/22/2008. Motion to stay [12] is granted except for the motion to remand [5]. Response to motion to remand is due by 5/13/2008. Reply is due by 5/20/2008. Status hearing set for 6/26/2008 at 09:00 a.m. mailed notice (gds, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.1.3
### Eastern Division

Betty Valenzo

                              Plaintiff,

v.                                                    Case No.: 1:08−cv−02511
                                                      Honorable Wayne R. Andersen

Baxter Healthcare Corp., et al.

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, May 29, 2008:

     MINUTE entry before the Honorable Wayne R. Andersen:Defendants Baxter International, Inc. and Baxter Healthcare Corporations motion to stay [6] is taken under advisement. The Court stays proceedings until until 7/17/2008. Plaintiff to file a motion to remand with supporting brief on or before 5/30/2008 and shall be entered and briefed as follows: Responses due by 6/20/2008. Replies due by 7/3/2008. Ruling will be made by mail. Status hearing set for 7/17/2008 at 09:00 AM.Advised in open court notice(tsa, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.