UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL HILLS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAXTER HEALTHCARE CORP., )<br>BAXTER INTERNATIONAL, INC. and )<br>WYETH SUBSIDIARY ILLINOIS )<br>CORPORATION F/K/A SCIENTIFIC )<br>PROTEIN LABORATORIES, )<br>)<br>Defendants. ) | No. 1:08-cv-3329 |

### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447, Plaintiff, PAUL HILLS, by and through his attorneys, Power Rogers & Smith, P.C., in support of Plaintiff's Motion to Remand the present cause of action, states as follows:

Removal of actions from state court to federal court is governed by 28 U.S.C. § 1441, which states "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *Fuller v. BNSF Railway Co.*, 472 F. Supp.2d 1088, 1091 (2007). Thus, "[a] defendant may remove a case to federal court **only** if the federal district court would have original subject matter jurisdiction over the action." *Id.* The analysis for this begins with the "well pleaded complaint rule" which requires federal courts to determine whether a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Vivas v. Boeing Co.*, 486 F. Supp.2d 726, 729 (2007). The party seeking removal has the burden

of establishing federal jurisdiction and any doubt regarding jurisdiction should be resolved **in favor of remand.** *Id., citing XL Specialty Co. v. Village of Schaumburg*, 2006 WL 2054386, at *1 (emphasis added). Wellness *Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) Accordingly, federal courts must be cautious in entertaining "state claims with embedded federal issues" lest they "materially affect or threaten to affect the normal currents of litigation" as between federal and state courts. *Kurtz v. Fidelity Management & Research Co.*, 2007 WL 3231423 (S.D. Ill. 2007), *citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 319 (2005). The Seventh Circuit has further instructed that the "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Higbee v. Malleris*, 470 F. Supp.2d 845, 849 (2007).

In the case at bar, Plaintiff has brought a cause of action against Defendants Baxter Healthcare Corp, Baxter International, Inc., and Wyeth Subsidiary Illinois Corporation f/k/a Scientific Protein Laboratories. It is undisputed that both the Plaintiff and Defendant Baxter are domiciled in Illinois. In his complaint, Plaintiff alleges that the defendants are liable under theories of strict liability and negligence for designing, manufacturing, and distributing contaminated Heparin which proximately caused severe injuries to Paul Hills. (Ex. A, Complaint at Law).

The Defendants' sole basis for removal is the fact that the subject of the lawsuit is a pharmaceutical product which is subject to FDA regulations. Although Plaintiff cites to the Food and Drug Administration for Heparin consumer statistics and press releases regarding the product, Plaintiff's allegations are not based on violations of the FDCA or any federal statute. Put simply, Plaintiff's arguments are that the Defendants manufactured and distributed an unreasonably dangerous product.

Defendants cite *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.* as support for their removal arguments. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg* 545 U.S. 308 (2005). The plaintiff in *Grable* brought a quiet title action in state court against a tax sale purchaser, alleging the Internal Revenue Service (IRS) had given him inadequate notice of sale. In *Grable*, the Court found that the lawsuit presented a removable federal question. *Id.* at 308. The Court reasoned that the meaning of the federal tax provision is an important federal-law issue that belongs in federal court. *Id.* at 309. The Court distinguished the *Merrill Dow* case from the *Grable* case stating that the principal difference was the bearing of the consequences to the federal system. *Id.* The Court explained that if the federal labeling standard without a cause of action could get a state action removed to federal court, so could any other federal standards without causes of action. This would mean an enormous number of cases. *Id.* The Court granted removal in the *Grable* case because state quiet title actions rarely involve contested federal law issues. *Id.* Therefore, the *Grable* case is wholly distinguishable from the case at bar based on the Court's own application. State claims involving violations of the FDCA do not warrant federal jurisdiction and, thus, should not be removed to federal court. *Id.* 308-09.

Defendants further argue that a review of Defendants compliance with the FDCA standards will be necessary to respond to any future allegations that Defendants failed to meet these requirements. (Defendants' Notice of Removal to Federal Court, ¶6). The well-pleaded complaint rule, however, prohibits removal to federal court where federal law merely furnishes a defense to a plaintiff's claims. This matter should not be allowed to remain in federal court because of the possibility that the defendants may use a federal law to show compliance with applicable regulation.

The United States Supreme Court directly addressed the question of whether removal is appropriate for cases involving possible FDCA violations. *Merrill Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986). In that case, the subject of the lawsuit was a drug manufacturer's negligence and alleged violation of the FDCA. In other words, plaintiff's complaint pled the violation of a federal statute as an element of a state law cause of action. *Id.* at 813. The Supreme Court upheld the lower court's interpretation that there is no federal cause of action for allegations of FDCA violations. Based upon this interpretation, the Court held that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States" that would allow removal to federal court. 28 U.S.C. § 1331. Here Plaintiff's claims are not even based upon FDCA violations.

This Court applied and cited the *Merrill Dow* case in support of its decision to remand in *Higbee v. Malleris. Higbee*, 470 F. Supp.2d 845, 850 (N.D. Ill. 2007). The plaintiff in *Higbee* brought suit against his attorneys under Title VII of the Age Discrimination in Employment Act. This Court held that when the analysis of a case does not fundamentally turn on jurisprudential debates about a federal statute or act, but rather turns on the answering the more prosaic question of whether negligence occurred, removal is inappropriate. *Id.*

This Court also applied the *Merrill Dow* decision in the case of *Rubel v. Pfizer, Inc.. Rubel v. Pfizer, Inc.*, 276 F. Supp.2d 904 (N.D.Ill. 2003). In this case, plaintiff's complaint alleged that a drug manufacturer had been marketing drugs for "off-label" uses under the Illinois Consumer Fraud and Deceptive Practices Act. *Id.* This Court held that plaintiff had brought state law claims related to the violation of a federal statute, which does not give rise to federal

4

question jurisdiction. See also Seryce v. Ravenswood Hospital Medical Center, 140 F.Supp. 2nd 944 (N.D. Ill, 2001) (District remanded wrongful death action even where plaintiff alleged defendant hospital violated EMTALA.

The issue presented here is whether the defendants should be held liable under strict liability theory and whether negligence occurred in the designing, manufacturing, and distributing of an unreasonably dangerous product which Baxter has already admitted is contaminated. Although a federal law may be applicable in the proceedings, there is simply no actual dispute about federal law that would allow for removal to federal court. Following the United States Supreme Court decision in *Merrill Dow*, FDCA violations are not federal causes of action and the burden rests on the defendants to show that a substantial federal question exists that would allow for removal. The only argument proposed by Defendants is that Plaintiff may allege that the Defendants' conduct violated the FDCA in support of Plaintiff's strict liability and negligence claims. Purportedly, the defendants would then need to address these allegations by utilizing the FDCA. As stated above, the well pleaded complaint rule specifically prohibits removing a case to federal court where federal law merely furnishes a defense to Plaintiff's claims. Plaintiff's claims are asserted under state law, not federal law. Plaintiff has chosen her forum to be state court. Since any doubt with regard to jurisdiction should be resolved in favor of remand, Plaintiff requests that this Court remand the present case to the Circuit Court of Cook County, State of Illinois.

WHEREFORE, Plaintiff, PAUL HILLS, by and through his attorneys, POWER ROGERS & SMITH, P.C., respectfully requests this Honorable Court to remand the present cause of action pursuant to 28 U.S.C. § 1447.

                                            Respectfully Submitted

                                            POWER ROGERS & SMITH, P.C.

                                            By: _____/s_____
                                                       Attorney for Plaintiff

Joseph A. Power, Jr.
Devon C. Bruce
POWER ROGERS & SMITH, P.C.
70 West Madison Street, 55th Floor
Chicago, Illinois 60602
Telephone: (312) 236-9381
Fax: (312) 236-0920
No. 31444